RECORD NO. 14-4123

In The

# United States Court of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## MORRIS EDWARD BRIDGERS, a/k/a Muzak,

*Defendant – Appellant.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## AT RALEIGH

_____

## BRIEF OF APPELLANT

_____

**Jenna Turner Blue**
**BLUE STEPHENS & FELLERS LLP**
**205 Fayetteville Street, Suite 300**
**Raleigh, North Carolina  27601**
**(919) 833-1931**

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................ iii

JURISDICTIONAL STATEMENT .................................................1

STATEMENT OF THE ISSUES......................................................1

STATEMENT OF THE CASE ..........................................................1

SUMMARY OF ARGUMENT .........................................................5

ARGUMENT ....................................................................................6

I.　MR. BRIDGERS' ARRAIGNMENT HEARING APPEARS
　　TO HAVE COMPLIED WITH FEDERAL RULE OF
　　CRIMINAL PROCEDURE 11, AND HIS PLEA OF GUILTY
　　IS VALID BASED ON A REVIEW OF THE RECORD ..................6

　　A.　Applicable Standard.................................................................6

　　B.　The District Court's Plea Colloquy Did Not Result In
　　　　Plain Error That Affected Mr. Bridgers' Substantial
　　　　Rights ......................................................................................6

II.　THE RECORD DOES NOT ESTABLISH THAT THE
　　DISTRICT COURT IMPROPERLY APPLIED THE TWO-
　　LEVEL ENHANCEMENT FOR POSSESSION OF A
　　FIREARM PURSUANT TO U.S.S.G. § 2D1.1(B)(1) ......................12

　　A.　Applicable Standard................................................................12

　　B.　The Court's Application Of The Two-Level Firearm
　　　　Enhancement To Mr. Bridgers' Offense Level Was Not
　　　　Clear Error................................................................................12

III.   THE SENTENCE IMPOSED BY THE DISTRICT COURT APPEARS TO HAVE BEEN PROCEDURALLY AND SUBSTANTIVELY REASONABLE....................................14

    A.   Applicable Standard ................................................14

    B.   Reasonableness Review .........................................14

    C.   Based On The Record, The Court Imposed a Procedurally Reasonable Sentence ...........................15

    D.   Based On The Record, The Court Imposed a Substantively Reasonable Sentence ...........................16

    E.   A Retroactive Two-Level Downward Adjustment To Mr. Bridgers' Base Offense Level May Be Appropriate.................16

CONCLUSION .........................................................................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Anders v. California,
    387 U.S. 738 (1967)................................................................5, 17

Gall v. United States,
    552 U.S. 38 (2007)................................................................14, 15

United States v. Apple,
    962 F.2d 335 (4th Cir. 1992) .......................................................13

United States v. DeFusco,
    949 F.2d 114 (4th Cir. 1991) ..................................................... 6-7

United States v. Dominguez Benitez,
    542 U.S. 74 (2004)................................................................7, 11

United States v. Good,
    25 F.3d 218 (4th Cir. 1994) ......................................................6, 7

United States v. Hairston,
    522 F.3d 336 (4th Cir. 2008) .......................................................7

United States v. Harvey,
    532 F.3d 326 (4th Cir. 2008) ......................................................12

United States v. Johnson,
    943 F.2d 383 (4th Cir. 1991) ......................................................13

United States v. Lynn,
    592 F.3d 572 (4th Cir. 2010) ......................................................14

United States v. Manigan,
    592 F.3d 621 (4th Cir. 2010) ......................................................13

United States v. Martinez,
    277 F.3d 517 (4th Cir. 2002) .............................................................6

United States v. Massenburg,
    564 F.3d 337 (4th Cir. 2009) .......................................................6, 11

United States v. McAllister,
    272 F.3d 228 (4th Cir. 2001) ........................................................13

United States v. Pauley,
    511 F.3d 468 (4th Cir. 2007) ........................................................15

United States v. Slade,
    631 F.3d 185 (4th Cir. 2011) ........................................................12

United States v. Wilson,
    81 F.3d 1300 (4th Cir. 1996) ........................................................11

## **STATUTES**

18 U.S.C. § 3231 ....................................................................................1

18 U.S.C. § 3553 ....................................................................................8

18 U.S.C. § 3553(a) ........................................................................11, 14

18 U.S.C. § 3742 ....................................................................................1

21 U.S.C. § 841(a)(1)...........................................................................1, 4

21 U.S.C. § 846 ....................................................................................1, 4

21 U.S.C. § 853 .......................................................................................4

28 U.S.C. § 1291 ....................................................................................1

**RULES**

Fed. R. Crim. P. 11..............................................................................passim

Fed. R. Crim. P. 11(b)(1) ...............................................................7

Fed. R. Crim. P. 11(b)(1)(A) ........................................................10

Fed. R. Crim. P. 11(b)(1)(J) .........................................................10

Fed. R. Crim. P. 11(b)(1)(K) ........................................................10

Fed. R. Crim. P. 11(b)(1)(L) ........................................................11

Fed. R. Crim. P. 11(b)(1)(M) .......................................................11

Fed. R. Crim. P. 11(b)(2) ...............................................................8

Fed. R. Crim. P. 11(b)(3) ...............................................................8

**GUIDELINES**

U.S.S.G. § 2D1.1.............................................................................16

U.S.S.G. § 2D1.1(b)(1) ...................................................................12

Amendments to the Sentencing Guidelines (Official Text, April 30, 2014)...........16

## JURISDICTIONAL STATEMENT

Morris Edward Bridgers was indicted in the Eastern District of North Carolina for violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute and possessing with the intent to distribute one (1) kilogram or more of heroin. The district court had subject-matter jurisdiction over Mr. Bridgers' case pursuant to 18 U.S.C. § 3231. This appeal is from a final judgment entered on February 4, 2014. Mr. Bridgers timely filed notice of appeal on February 9, 2014. The Fourth Circuit has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I.    Whether Mr. Bridgers' arraignment hearing complied with the requirements set forth in Federal Rule of Criminal Procedure 11.

II.   Whether the sentencing court properly applied a two-level enhancement to Mr. Bridgers' base offense level for possession of a firearm.

III.  Whether the sentencing court imposed an unreasonable sentence.

## STATEMENT OF THE CASE

According to the Presentence Investigation Report (the "PSR"), the Rocky Mount Police Department (North Carolina) began investigating co-defendant Corby Montrelle Bridgers in September 2012, for suspected drug trafficking

activities.  (PSR at 3.)[1]  Multiple controlled purchases of heroin were arranged and carried out between a confidential informant and Corby.  (Id.)

On November 28, 2012, law enforcement conducted a warrantless search of Corby's home.  (Id. at 4.)  During the search, officers seized four firearms from a bedroom closet, and a backpack located near the closet containing 24.429 grams of heroin (packaged as 800 individual dosage units) and $10,400 cash.  (Id.)  Officers seized an additional $2,430 under Corby's mattress.  (Id.)

In a statement made to investigators, Corby claimed that he and Morris Bridgers jointly purchased large quantities of heroin, and stored the heroin and firearms at Corby's residence.  (Id.)  According to Corby, the day before police searched his home, Morris dropped off for safekeeping the firearms, heroin and $2,430.[2]  (Id.)

On March 27, 2013, officers arrested co-defendant Kevin Bridgers during a prostitution sting.  (Id. at 4-5.)  On May 13, 2013, during a statement to investigators, Kevin indicated that he started selling heroin in August 2012.  (Id. at 5.)  Shortly thereafter, he began purchasing heroin from both Corby and Corby's source of supply named Alteric Boyd.  (Id.)  Kevin stated that from December

---

[1] Corby Montrelle Bridgers, Kevin Eugene Bridgers, and appellant Morris Bridgers were collectively charged in the eight-count indictment issued on June 25, 2013. (See Indictment.)
[2] An unindicted witness present during the search corroborated this statement. (PSR at 4.)

2012 until May 2013, he and Morris purchased drugs directly from Mr. Boyd after Corby got injured in a car accident.  (Id.)

On May 30, 2013, the Greenville Police Department (North Carolina) directed Alteric Boyd to contact Morris Bridgers and arrange for the pick-up of 50 bundles of heroin.  (Id.)  Alteric and Morris agreed to meet at a gas station, which is where officers intercepted Morris.  (Id.)  Officers seized $12,020 cash from Mr. Bridgers.  (Id.)

Morris admitted to investigators that he had planned to meet Alteric at the gas station in order to purchase heroin.  (Id.)  During subsequent interviews, Morris admitted to investigators that throughout recent years, he had purchased and/or been involved in the trafficking of 3,200 grams of heroin, 3,317.08 grams of cocaine, and 3,317.08 grams of cocaine base.  (Id. at 6.)  The PSR also attributed 195 grams of heroin to Morris' drug activities based on a statement that Kevin Bridgers made to law enforcement.  (Id. at 7.)[3]

Morris further admitted to investigators that in July 2012, he accompanied Corby to purchase a .45 caliber pistol, a TEC-9 – which was then sold to Alteric Boyd – and a .38 caliber revolver.  (Id. at 6.)  Two weeks later, Morris again accompanied Corby to purchase another .45 caliber pistol.  (Id.)  Also, Alteric

---

[3] The PSR calculated that, through his participation in the conspiracy, Morris is accountable for 3,395 grams of heroin, 3,317.08 grams of cocaine, and 3,317.08 grams of cocaine base, totaling a marijuana equivalency of 15,903.709 kilograms of marijuana.  (PSR at 6-7, 13.)

Boyd told investigators that Corby frequently carried a firearm, and that he had seen the four firearms at Corby's residence that were seized by law enforcement during the search.  (Id. at 7.)

On June 25, 2013, Morris Bridgers was indicted for conspiring to distribute and possession with intent to distribute one (1) kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[4]  (See Indictment.)  The Government also filed a forfeiture notice pursuant to 21 U.S.C. § 853.  (Id.)

Mr. Bridgers' arraignment hearing took place on September 5, 2013.  He entered a plea of guilty to Count One of the Indictment.  (See Transcript of Arraignment Proceedings.)  The plea was entered pursuant to a written plea agreement.  (See Memorandum of Plea Agreement.)

On February 4, 2014, the court held a sentencing hearing for Mr. Bridgers. The PSR calculated a total offense level of 35 and a criminal history category of IV, which yields a guideline imprisonment range of 235 months to 293 months. (PSR at 14.)  Neither Mr. Bridgers nor the Government presented objections to the PSR.[5]  (See Sentencing Hearing Transcript; Addendum to the Presentence Report.) Nevertheless, both sides presented sentence recommendations to the court.  The government recommended a 20 percent downward departure from the bottom of

---

[4] Morris Bridgers was named in only Count One of the eight-count indictment.

[5] Counsel for Mr. Bridgers did file a Sentencing Memorandum prior to the sentencing hearing, wherein he argued for a sentence of 140 months imprisonment. (See Sentencing Memorandum.)

the guideline range, totaling approximately 180 months of imprisonment.  Mr.

Bridgers, through counsel, recommended a 40 percent downward departure,

totaling approximately 140 months of imprisonment.

After hearing arguments from both counsel, and addressing Mr. Bridgers

directly, the court imposed a sentence of 200 months imprisonment.  (See

Sentencing Hearing Transcript; Judgment at 2.)  In addition, the court ordered that

Mr. Bridgers be placed on supervised release for seven years upon release from

imprisonment, and that he immediately pay a special assessment of $100.

(Sentencing Hearing Transcript at 11; Judgment at 3, 5-6.)

Mr. Bridgers entered timely notice of appeal on February 9, 2014. (See

Notice of Appeal.)  His attorney filed a motion to withdraw, which was granted by

the district court, and appellate counsel was appointed on February 19, 2014.  (See

Motion to Withdraw (2/9/2014); Order Granting Motion to Withdraw (2/12/2014);

Order of U.S. Court of Appeals (2/19/2014).)

## **SUMMARY OF ARGUMENT**

After thoroughly reviewing and analyzing the record in this case, counsel

has found no appealable error.  Therefore, the issues contained herein are presented

for review by this Court pursuant to Anders v. California, 387 U.S. 738 (1967).

A review of the record appears to establish that Mr. Bridgers' plea of guilty

was valid pursuant to Rule 11 of the Federal Rules of Criminal Procedure, despite

possible errors committed by the district court during his arraignment proceedings. Furthermore, the record fails to establish that the sentencing court committed reversible error by imposing a firearm enhancement to Mr. Bridgers' base offense level, or by imposing a procedurally or substantively unreasonable sentence.

## **ARGUMENT**

### I.    MR. BRIDGERS' ARRAIGNMENT HEARING APPEARS TO HAVE COMPLIED WITH FEDERAL RULE OF CRIMINAL PROCEDURE 11, AND HIS PLEA OF GUILTY IS VALID BASED ON A REVIEW OF THE RECORD

#### A.    Applicable Standard

The adequacy of a guilty plea is reviewed *de novo*. U.S. v. Good, 25 F.3d 218, 219 (4th Cir. 1994). If a defendant does not withdraw his guilty plea in the district court, and otherwise fails to preserve any alleged Rule 11 error by timely objection, the plea colloquy is reviewed for plain error. U.S. v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Plain error is established by demonstrating that the district court erred, the error was plain, and it affected the defendant's substantial rights. U.S. v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).

#### B.    The District Court's Plea Colloquy Did Not Result In Plain Error That Affected Mr. Bridgers' Substantial Rights

In reviewing an arraignment hearing, the appellate court should "accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th

Cir. 1991).  In order to establish that a defendant's substantial rights were affected by a Rule 11 error, he "must show a reasonable probability that, but for the error, he would not have entered the plea."  <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004).  Consideration should be given to the information provided to the defendant when he entered his plea of guilty, additional information that would have been provided by a proper Rule 11 colloquy, and how the additional information would have affected the defendant's decision to plead guilty.  <u>United States v. Hairston</u>, 522 F.3d 336, 341 (4th Cir. 2008).

"Rule 11 of the Federal Rules of Criminal Procedure mandates that before the court accepts a guilty plea, it must personally question the defendant to ensure that he is entering the plea knowingly and voluntarily."  <u>U.S. v. Good</u> at 219.  Rule 11(b)(1) requires the court to address the defendant in open court to confirm that he or she understands the following:

> (A)  the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>
> (B)  the right to plead not guilty, or having already so pleaded, to persist in that plea;
>
> (C)  the right to a jury trial;
>
> (D)  the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceeding;

(E)    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F)    the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G)    the nature of each charge to which the defendant is pleading;

(H)    any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I)    any mandatory minimum penalty;

(J)    any applicable forfeiture;

(K)    the court's authority to order restitution;

(L)    the court's obligation to impose a special assessment;

(M)    in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553; and

(N)    the terms of any plea-agreement provision waiving the right to appeal or collaterally attack the sentence.

In addition, the court must "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)," and also "determine that there is a factual basis for the plea."  (Fed. R. Crim. P. 11(b)(2) and 11(b)(3).)

The record in Mr. Bridgers' case indicates that the district court substantially complied with Rule 11, and any arguable deviation or omission during the plea colloquy was harmless and had no affect on Mr. Bridgers' substantial rights. During Mr. Bridgers' arraignment hearing, the court addressed him personally to determine his age, education level, and his current sobriety.  (Transcript of Arraignment Proceedings at 2-3.)  The court established that Mr. Bridgers had an opportunity to speak with his attorney about the case, was satisfied with her work, and was competent to enter a plea.  (Id. at 3-4.)

The court proceeded to describe certain rights that Mr. Bridgers would be giving up as a consequence of entering a plea of guilty.  It told Mr. Bridgers that he had a right to a jury trial, at which the government would have the burden of proof.  (Id. at 4.)  It explained that a trial would require the government to present evidence including witness testimony, and that his lawyer would have the opportunity to object to improper evidence, cross-examine witnesses, and present evidence on Mr. Bridgers' behalf.  (Id.)  The court also indicated that the decision to testify was up to Mr. Bridgers, and choosing not to testify would not be used against him.  (Id.)  Finally, the court warned Mr. Bridgers that he would be giving up those rights by entering a guilty plea.  (Id. at 4-5.)  When asked if he understood those rights, Mr. Bridgers responded, "Yes, sir, I do."  (Id. at 5.)  The court then established that Mr. Bridgers still intended to plead guilty.  (Id.)

Next, the court informed Mr. Bridgers that he was charged with one count of conspiracy with intent to distribute a kilogram or more of heroin, and that the sentence carried a term of imprisonment from 10 years to life, up to a $10 million fine, and five years supervised release. (Id.) When asked, "Do you understand that's the charge and punishment that you face?", Mr. Bridgers responded, "Yes, sir, I do." (Id.)

Then, the court indicated that Mr. Bridgers was entering the plea pursuant to a written plea agreement. (Id.) The judge explained certain terms of the agreement, including the provision waiving the right to appeal. (Id. at 5-6.) Mr. Bridgers indicated that those were the terms to which he agreed, and that he was in fact guilty. (Id.)

A factual basis for the plea was established based on the government's description of its evidence. (Id. at 6-7.) Then, the court made findings that the plea was voluntary and supported by a factual basis, and directed the clerk to enter a judgment of guilty to Count One of the Indictment. (Id. at 7.)

Notably, the court arguably committed clear error by failing to notify Mr. Bridgers of the following: the government's right to use his statements against him in a prosecution for perjury or false statement (see 11(b)(1)(A)), any applicable forfeiture (see 11(b)(1)(J)), the court's authority to order restitution (see 11(b)(1)(K)); the court's obligation to impose a special assessment (see

11(b)(1)(L)); and, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a) (see 11(b)(1)(M)).

Nevertheless, Mr. Bridgers cannot show that his substantial rights were affected by these errors. This court "has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the judges below." United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996). And, in instances of plain error, the "defendant must…satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." U.S. v. Massenburg at 343 (quoting U.S. v. Dominguez Benitez, 542 U.S. 74, 83 (2004).)

Based on the record, Mr. Bridgers could not meet the burden of establishing the third element of plain error. First, Mr. Bridgers never attempted to withdraw his guilty plea or otherwise preserve this issue in the lower court. Second, nothing on the record suggests that Mr. Bridgers would not have pleaded guilty if the district court had fully informed him under Rule 11. Third, matters that the court failed to discuss during arraignment were all contained in the plea agreement signed by Mr. Bridgers, and the record establishes that Mr. Bridgers understood the terms of the plea agreement and had adequate opportunity to discuss the case with

his attorney prior to arraignment. (See Memorandum of Plea; Transcript of

Arraignment Proceedings at 3-4, 6.) For these reasons, Mr. Bridgers' guilty plea

was valid.

## II.    THE RECORD DOES NOT ESTABLISH THAT THE DISTRICT COURT IMPROPERLY APPLIED THE TWO-LEVEL ENHANCEMENT FOR POSSESSION OF A FIREARM PURSUANT TO U.S.S.G. § 2D1.1(B)(1)

### A.    Applicable Standard

Findings of fact relating to sentencing enhancements are reviewed for clear

error. United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011). Reversal is proper

only if the reviewing court is left with the "'definite and firm conviction that a

mistake has been committed.'" Id. (quoting United States v. Harvey, 532 F.3d

326, 336-37 (4th Cir. 2008)).

### B.    The Court's Application Of The Two-Level Firearm Enhancement To Mr. Bridgers' Offense Level Was Not Clear Error

U.S.S.G. § 2D1.1(b)(1) allows for a two-level increase in a defendant's base

offense level "[i]f a dangerous weapon (including a firearm) was possessed[.]"

U.S. Sentencing Guidelines Manual, § 2D1.1(b)(1) (2013). "The enhancement

should be applied if the weapon was present, unless it is clearly improbable that the

weapon was connected with the offense." Id. at cmt. n. 11.

Application of the enhancement requires proof that "'the weapon was

possessed in connection with drug activity that was part of the same course of

conduct or common scheme as the offense of conviction.'" United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (quoting United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir. 2001)). "[P]roof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." U.S. v. Manigan at 629. Proof of "'precisely concurrent acts,' such as a 'gun in hand while in the act of storing drugs'" is not required. Id. (quoting United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991)).

Firearms implicated in Mr. Bridgers' offense conduct were seized during a search of his co-defendant's residence, and a backpack containing cash and heroin was found nearby. Mr. Bridgers was not present at the time of this search. Nevertheless, "when the offense committed is conspiracy… proximity conditions are met when the weapon is discovered in a place where the conspiracy was carried out and furthered." United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). In addition, the PSR includes statements by his co-defendant and another witness that, at one point, Mr. Bridgers actually possessed those firearms together with drugs and money. Mr. Bridgers also admitted to investigators that he accompanied co-defendant Corby Bridgers during the purchase of several firearms.

Based on evidence contained in the PSR, Mr. Bridgers would have been unable to show that it was clearly improbable that the firearms were connected

13

with the conspiracy to which he pleaded guilty.  Therefore, the sentencing court

did not commit error by imposing the firearm enhancement.

## III. THE SENTENCE IMPOSED BY THE DISTRICT COURT APPEARS TO HAVE BEEN PROCEDURALLY AND SUBSTANTIVELY REASONABLE

### A.    Applicable Standard

Sentencing errors are generally reviewed under the abuse of discretion

standard, but plain error review applies to arguments regarding unpreserved errors.

United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).  Plain error is

established by demonstrating that the district court erred, the error was plain, and it

affected the defendant's substantial rights.  Id. at 577.

### B.    Reasonableness Review

In reviewing a sentence for reasonableness, the court must first determine

whether the sentence was procedurally reasonable.  Procedural errors include the

court's failure to properly calculate the Guidelines range, treating the Guidelines as

mandatory, failing to consider 18 U.S.C. § 3553(a) factors, selecting a sentence

based on clearly erroneous facts, and failing to adequately explain the sentence

imposed.  Gall v. United States, 552 U.S. 38, 51 (2007).

Then, if a sentence is procedurally reasonable, the appellate court must

consider its substantive reasonableness.  U.S. v. Lynn, 592 F.3d at 575.  In doing

so, the court should consider the totality of the circumstances, including the extent

14

of the any variance from the Guideline range.  Gall v. U.S. at 51; see also United

States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

> C.    Based On The Record, The Court Imposed a Procedurally Reasonable
>        Sentence

The district court adopted the PSR's calculations of a total offense level of

35 and a criminal history category of IV, yielding a guideline range for

imprisonment of 235 months to 293 months.  (Sentencing Hearing Transcript at 4.)

The offense level included a two-level enhancement for possession of a firearm,

and a three-level reduction for acceptance of responsibility.  (PSR at 13-14.)

Neither the government nor Mr. Bridgers objected to the court's calculations

of the Guideline range, and the record is otherwise void of any procedural errors.

Mr. Bridgers' criminal history category appears to have been properly calculated

based on the information contained in the PSR regarding his criminal record, and

no arguments suggesting otherwise were presented to the court.  Also, Mr.

Bridgers' base offense level was properly calculated based on the record.  Most of

the drug quantity attributed to Mr. Bridgers when calculating his base offense level

was based on his own statements made to law enforcement, and Mr. Bridgers did

not raise any objections thereto.

Lastly, the record shows that the court considered counsel's arguments and

factors outside of the sentencing guidelines when determining its sentence.  In fact,

the court imposed a sentence below the applicable guideline range.

D.   <u>Based On The Record, The Court Imposed a Substantively</u>
     <u>Reasonable Sentence</u>

The record establishes that the sentence imposed was substantively

reasonable also.  The court considered the totality of the circumstances before

deciding its sentence, including facts contained in the PSR, arguments by counsel

for Mr. Bridgers and the Government, and Mr. Bridgers' own statements made

during the hearing.  Furthermore, the court imposed a sentence that was below the

established guideline range, which was consistent with recommendations made by

both the Government and Mr. Bridgers' attorney

E.   <u>A Retroactive Two-Level Downward Adjustment To Mr. Bridgers'</u>
     <u>Base Offense Level May Be Appropriate</u>

On April 10, 2014, the U.S. Sentencing Commission voted on an

amendment that would adjust base offense levels contained in the Drug Quantity

Table in U.S.S.G. § 2D1.1 down by two levels.  <u>See</u> Amendments to the

Sentencing Guidelines (Official Text, April 30, 2014).  Moreover, the Department

of Justice has directed prosecutors not to object if defendants seek to have the

newly proposed guidelines applied to their sentencing.

The vote on the amendment took place approximately two months after Mr.

Bridgers was sentenced, and the amendment's effective date is November 1, 2014.

Mr. Bridgers reserves the argument that his base offense level should have been, or

retroactively should be, adjusted downward two levels from 36 to 34.  Therefore,

the variance applied by the court when imposing Mr. Bridgers' sentence should have been based on a total offense level of 33 instead of 35.

## CONCLUSION

In accordance with the requirement set forth in <u>Anders v. California</u>, counsel for Appellant has thoroughly reviewed both the facts and legal issues in this case. It is counsel's opinion that there are no legal issues that were not properly raised or disposed of by the district court, and there are no meritorious grounds for appeal on behalf of Appellant. A copy of this brief has been served on Appellant, and he has been advised of his right to make a *pro se* submission to the court.

Respectfully submitted,

By: /s/Jenna Turner Blue
BLUE STEPHENS & FELLERS LLP
205 Fayetteville Street, Suite 300
Raleigh, North Carolina 27601
Jenna@bluestephens.com
Telephone: (919) 833-1931
Facsimile: (919) 833-8009

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P.
      28.1(e)(2) or 32(a)(7)(B) because:

      [ X ] this brief contains [*3,777*] words, excluding the parts of the brief
      exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [    ] this brief uses a monospaced typeface and contains [*state the number
      of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
      32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P.
      32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [ X ] this brief has been prepared in a proportionally spaced typeface using
      [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

      [    ] this brief has been prepared in a monospaced typeface using [*state
      name and version of word processing program*] with [*state number of
      characters per inch and name of type style*].


Dated: <u>June 26, 2014</u>              <u>/s/ Jenna Turner Blue</u>
                                         *Counsel for Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 26th day of June, 2014, I caused this Brief of

Appellant to be filed electronically with the Clerk of the Court using the CM/ECF

System, which will send notice of such filing to the following registered CM/ECF

users:

> Jennifer P. May-Parker
> OFFICE OF THE U.S. ATTORNEY
> 310 New Bern Avenue, Suite 800
> Raleigh, North Carolina  27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that on this 26th day of June, 2014, I caused the required

copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a

copy of the Brief of Appellant to be served, via U.S. Mail, postage prepaid, upon

the Appellant, at the address below:

> Morris Edward Bridgers, Reg. No. 57062-056
> FCI Williamsburg
> Post Office Box 340
> Salters, South Carolina  29590
>
> *Appellant*

> /s/ Jenna Turner Blue
> *Counsel for Appellant*